IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

─────────────────────────────────────────────────────────

JANICE F. HERRING,

     Plaintiff,

vs.                                   No. 16-2995-SHL-dkv

CITY OF MEMPHIS,

     Defendant.

─────────────────────────────────────────────────────────

REPORT AND RECOMMENDATION ON CITY OF MEMPHIS'S MOTION TO DISMISS
AMENDED COMPLAINT
─────────────────────────────────────────────────────────

On December 21, 2016, the plaintiff, Janice F. Herring,
filed a *pro se* employment discrimination complaint against the
City of Memphis ("the City") pursuant to the Age Discrimination
in Employment Act, 29 U.S.C. §§ 621-634 ("ADEA"), (ECF No. 1),
accompanied by a motion seeking leave to proceed *in forma
pauperis*, (ECF No. 2). On December 28, 2016, the court issued
an order granting Herring leave to proceed *in forma pauperis*,
(ECF No. 7), and on January 2, 2017, the court entered an order
to issue service of process for the City. (ECF No. 8.) This
case has been referred to the United States Magistrate Judge for
management and for all pretrial matters for determination and/or
report and recommendation as appropriate. (Admin. Order 2013-
05, April 29, 2013.)

On February 14, 2017, Herring filed an amended complaint in

which she asserts "age discrimination, harassment, intimidation and last but not least retaliation."[1]   (Am. Compl. ¶ 1, ECF No. 13.)   In addition, she alleges the City violated the Equal Pay Act ("EPA").   (*Id.* at ¶ 10.)   Herring attached 84 pages of documents as exhibits to her amended complaint.

Now before the court is the City's February 23, 2017 motion to dismiss Herring's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.   (ECF No. 14.)   Herring filed a document entitled "Janice Herring Views and Response to City of Memphis Allegations" on February 27, 2017, which the court will treat as a response to the motion to dismiss.   (ECF No. 17.)   For the reasons that follow, the court recommends that the motion to dismiss be granted in part and denied in part.

I.   PROPOSED FINDINGS OF FACT

According to her amended complaint and accompanying documents,[2] Herring applied for a General Clerk B position with

---

[1]In her original complaint, Herring alleged that she was subjected to unequal terms and conditions of her employment, termination, retaliation, and intimidation on August 19, 2015 and September 10, 2015, because of her age in violation of the ADEA.  (Compl., ECF No. 1.)

[2]The court may consider "'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint,'" without converting the motion to one for summary judgment.  *Amini v. Oberlin Coll.*, 259 F.3d 493, 502

the City of Memphis in the Parks & Neighborhoods/Neighborhood Watch Division, a Category 1 position with a bi-weekly salary of $949.65. (Am. Compl. ¶ 2, ECF No. 13.) This job opening was posted on the Durational Register. (*See* ECF No. 13-1.) Herring alleges that she was offered and accepted the position with a tentative start date and orientation set for July 27, 2015 but, for reasons unbeknownst to her, orientation on July 27, 2015 was cancelled and she was placed in a position of Organizer, a Category 2 position, in the same division with a start date of August 10, 2015, but with the same General Clerk B Category 1 salary.[3] (Am. Compl. ¶¶ 3, 8, ECF No. 13.) Herring alleges that a young white male named Matt who was employed by the Pink Palace Museum was given the Category 1 position for which she had applied. (*Id*. at ¶ 8.)

After beginning work, Herring claims that she met with LaSonya Hall, Deputy Director of the Neighborhood Watch Division, on August 19, 2015 and explained to her that she had been placed in the wrong position, that she could not work evenings and weekends because she had guardianship over an

---

(6th Cir. 2001)(quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997); *see also Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011)(quoting *Bassett v. Nat. Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)).

[3]In its answer to the amended complaint filed on February 23, 2017, the City admits that Herring's first date of hire was Orientation on August 10, 2017. (Ans. ¶ 3, ECF No. 16.)

elderly uncle and was required to be home in the evenings, and that she did not own a vehicle and could not attend offsite meetings and site visits. (*Id.* at ¶ 4.) Herring states that Dr. Hall offered her a pool car which she declined. (*Id.* at ¶ 6.) According to the amended complaint and accompanying documents, Herring was terminated on September 9, 2015, and also given a poor performance evaluation.[4] (*Id.* at ¶ 7.)

Attached to the amended complaint is an EEOC charge of discrimination filed by Herring on November 4, 2015. (EEOC Charge 8-10, ECF No. 13-4.) In the EEOC charge, Herring checked only the box for age discrimination. She described the particulars as follows:

> On August 10, 2015, I was hired with the above named employer. I held the position of general clerk B. During my employment, I did not receive the adequate training for my position. On three (3) occasions, I asked Dr. Lasonya Hall, 40, Deputy Director for the proper training in order to perform my duties. I was informed that they were going to hire someone to train me. I was never trained. On September 18, 2015, I was discharged for failure to meet performance expectations. A younger person (Karlissa Perkins Brookens, 26) was placed in my position.
>
> I believe I have been discriminated against because of my age, 55, in violation of the Age Discrimination in Employment Act of 1967 (ADEA).

---

[4]In its answer to the amended complaint filed on February 23, 2017, the City admits that Herring was terminated on September 10, 2015. (Ans. ¶ 7, ECF No. 16.)

According to the amended complaint, Herring trained herself for the position from documents left in a drawer by a previous manager and performed the duties of organizer for 28 days. (Am. Compl. ¶ 10, ECF No. 13.)

## II.  PROPOSED CONCLUSIONS OF LAW

### A.  Standard for Rule 12(b)(6) Dismissal

The City moves to dismiss Herring's suit for failure to state a claim on which relief can be granted.  To survive Rule 12(b)(6) dismissal following the United States Supreme Court's opinions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678).  The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief.  *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).  However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a

'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

Ordinarily, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). The Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), makes clear that employment discrimination plaintiffs are not required to plead specific facts establishing the elements of a *prima facie* case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). In so holding, the Supreme Court emphasized that "[t]he prima facie case under McDonnell Douglas . . . is an evidentiary standard, not a pleading requirement, 'and the McDonnell Douglas framework is inapplicable where a plaintiff has direct evidence of discrimination.'" *Swierkiewicz*, 534 U.S. at 501, 511. All that is required is that the complaint comply with "Rule 8(a)'s simplified pleading standard." *Id.* at 513.

"*Pro se* complaints are to be held to 'less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d

6

380, 383 (6th Cir. 2011)(quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading." (internal quotation marks omitted)); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

B.  <u>Subject Matter Jurisdiction</u>

The City first argues for dismissal on the grounds that Herring has failed to plead any facts or statutes in her amended complaint as required by Rule 8 which would confer subject matter jurisdiction on the court. (Mot. to Dismiss, ECF No. 14.)

Pursuant to Rule 8(a)(1) of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction." The amended complaint itself contains no specific jurisdictional allegations, but the original complaint was a court-supplied form complaint in which Herring checked the box indicating that she was filing under the ADEA. (Compl. 1, ECF No. 1.) The original complaint also included a jurisdictional allegation of federal question jurisdiction under 28 U.S.C. § 1331. (*Id.* at 2.) In addition, the amended complaint alleges "age discrimination" and violation of the EPA,[5] Am. Compl. ¶ 10, ECF No. 13), and the EEOC charge attached to the amended complaint charges violation of the ADEA, (EEOC Charge 8, ECF No. 13-4). This is sufficient to confer federal-question jurisdiction on the court for purposes of this motion to dismiss.

C.    Herring's Age Discrimination Claim

---

[5]The EPA is codified at 29 U.S.C. § 206(d).

In her amended complaint, Herring claims that the City discriminated against her due to her age on two separate occasions — first when the City filled the General Clerk B position, for which she had applied, with "a young man" and then again when she was hired for the Organizer's position, given inadequate training, terminated, and replaced with a younger person. (Am. Compl. ¶¶ 8-9, ECF No. 13; EEOC Charge 8, ECF No. 13-4.)

The ADEA prohibits an employer from discriminating "against any individual with respect to his terms of compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In ADEA claims, the plaintiff bears the burden of persuasion to show that "age was the 'but-for' cause of the employer's adverse action." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009); *Blizzard v. Marion Technical Coll.*, 698 F.3d 275, 283 (6th Cir. 2012).

To establish a *prima facie* case of age discrimination under the ADEA absent direct evidence of discrimination, Herring must establish: (1) she was a member of the protected class, meaning she was at least forty years old; (2) she was subjected to an adverse employment action; (3) she was qualified for the position; and (4) she was replaced by a substantially younger individual. *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 521

(6th Cir. 2008)(citing *Tuttle v. Metro. Gov't of Nashville*, 474 F.3d 307, 317 (6th Cir. 2007); *Skelton v. Sara Lee Corp.*, 249 F. App'x 450, 456 (6th Cir. 2007)).

Herring has alleged sufficient facts in her amended complaint to state a claim for age discrimination based on her termination from the position of Organizer.   According to her EEOC charge, Herring was over forty years of age at the time she was terminated, satisfying the first prong. (*See* EEOC Charge 8, ECF No. 13-4.)   In reference to the second prong, she asserts that she suffered an adverse employment action when she was terminated from the position of Organizer. (Am. Compl. ¶ 9, ECF No. 13.)   She claims she trained herself for the position thus implying that she was qualified for the position. (*Id.* at ¶10.) Finally, in the EEOC charge she alleges that "[a] younger person (Karlissa Perkins Brookens, 26) was placed in [her] position." (EEOC Charge 8, ECF NO. 13-4.)   These allegations are sufficient to state an age discrimination claim.

Herring has failed to allege sufficient facts in her amended complaint, however, to state a claim for age discrimination based on the City's failure to hire her or place her in the position of General Clerk B, the position she originally sought.   Although Herring was over forty years of age at the time she applied for the position, she has not alleged any adverse employment action when she was not given the

position.    Rather, she was placed in another position in the same department at the same rate of pay.

Therefore, it is recommended that the City's motion to dismiss be granted as to Herring's claim of failure to hire in violation of the ADEA and denied as to Herring's claim of termination in violation of the ADEA.

D.   Hostile Work Environment Claim

To the extent Herring brings a claim for hostile work environment under the ADEA, she has failed to state a claim.   In order to make a *prima facie* hostile work environment claim under the ADEA, Herring must show the following: 1) that she was forty years or older at the time of the alleged harassment; 2) that she was subjected to harassment, either through words or actions, based on her age; 3) the harassment unreasonably interfered with her work performance and it created an objectively intimidating, hostile, or offensive work environment; and 4) there is some basis for liability on the part of the City.   *See Hale v. ABF Freight System, Inc.*, 503 F. App'x 323, 337 (6th Cir. 2012)(citation omitted).   The Supreme Court has held that, in order for the harassment to be actionable, "it must be sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment."   *Meritor Savings Bank, FSB v. Vinson,* 477 U.S. 57, 67 (1986)(internal quotation marks and

citation omitted).   The "mere utterance of an . . . epithet which engenders offensive feelings in a[n] employee would not affect the conditions of employment to [a] sufficiently significant degree to violate Title VII." *Id.* (internal quotation marks and citations omitted).

In her EEOC charge, Herring alleged that she was fifty-five years old when the alleged harassment took place, but she has failed to allege any comments or actions based on her age in her amended complaint that would amount to harassment or that the alleged harassment "interfered with [her] work performance" or created an objectively "hostile or abusive" environment.   *Hale*, 503 F. App'x at 337.   Herring states that a younger female intern co-worker made comments concerning her "50 year class reunion, how the other two women were older, and how the lady from Shelby County needed to retire to receive her husband [sic] pension." (Am. Compl. ¶ 9, ECF No. 13.)   These comments are not "sufficiently severe or pervasive enough to alter the conditions of [her] employment." *Meritor,* 477 U.S. at 67.   Therefore, it is recommended that the City's motion to dismiss be granted as to any hostile work environment claim under the ADEA that Herring purports to assert.

E.   <u>Herring's Retaliation Claim</u>

In her amended complaint, Herring vaguely alleges "retaliation" without identifying under which statute she claims

retaliation.  (Am. Compl. ¶¶ 1, 11, ECF No. 1.)

To state a claim of retaliation under Title VII, Herring must allege that: (1) she acted in a manner protected by Title VII; (2) the City knew of this exercise of protected activity; (3) the City subsequently took an adverse action against Herring, or she was subjected to severe or pervasive retaliatory harassment by a supervisor; and (4) the adverse action had a causal connection to the protected activity. *Lundy v. Gen. Motors Corp.*, 101 F. App'x 68, 73 (6th Cir. 2004).  There are two types of "protected activity" for purposes of a Title VII retaliation claim: (1) "oppos[ing] any practice made an unlawful employment practice" by Title VII, and (2) making a charge, testifying, assisting, or participating in an "investigation, proceeding, or hearing" under Title VII.  42 U.S.C. § 2000e-3(a).

Herring fails to satisfy the first element.  She does not allege anywhere in the amended complaint that she engaged in any protected activity.  With respect to her claim of retaliation, Herring merely alleges that she was subjected to retaliation when she "didn't except [sic] the use of a pool car and wanted to be placed in a General Clerks Position."  (Am. Compl. ¶ 11, ECF No. 1.)  This is not a protected activity.

In addition, Herring has failed to exhaust her administrative remedies as to her claim of retaliation.  "A

person seeking to bring a discrimination claim under Title VII in federal court must first exhaust [his] administrative remedies." *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 731 (6th Cir. 2006). The purpose of this requirement is to allow the EEOC the opportunity to convince the parties to resolve the matter by voluntary settlement rather than through litigation. *Id.* at 731-32 (citing *Parsons v. Yellow Freight Sys., Inc.*, 741 F.2d 871, 873 (6th Cir. 1984)). Administrative exhaustion involves (1) timely filing a charge of employment discrimination with the EEOC and (2) receiving and acting upon a statutory right-to-sue notice. *Granderson v. Univ. of Mich.*, 211 Fed. App'x 398, 400 (6th Cir. 2006)(*citing Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989)).

Herring's EEOC charge contains no claim of retaliation. (*See* EEOC Charge 8, ECF No. 13-4.) She did not mark the box on her EEOC charge corresponding to retaliation nor did she allege retaliation in the box provided for the particulars of her claim. (*Id.; see also* Compl., ECF No. 1.) Thus, Herring has failed to exhaust her administrative remedies as to her claim of retaliation, and therefore, the City's motion to dismiss should be granted as to Herring's claim of retaliation.

F.  Herring's Equal Pay Act Claim

The EPA prohibits employers from paying an employee at a rate less than that paid to employees of the opposite sex for

equal work.    29 U.S.C. § 206(d)(1).    To establish a prima facie case under the EPA, the plaintiff must show that the employer paid employees of one sex less than employees of opposite sex "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions."    *Id.*

Herring does not allege sufficient facts to state a claim for violation of the EPA.    There are no factual allegations in the amended complaint related to discrimination on the basis of sex.    Indeed, Herring alleges that when she was placed in the position of Organizer, she was paid at the same rate of pay received by the male who was placed in the General Clerk B position.    (*See* Am. Compl. ¶¶ 8, 10, ECF No. 13.)    In addition, she claims that her predecessors in the Organizer position were ladies "older around [her] age."    (*Id.* at ¶ 3.)    Thus, given the fact that her predecessors were female, there would be no Equal Pay violation even if Herring did not receive the same salary as them.    Therefore, the City's motion to dismiss should be granted as to Herring's claim of violation of the EPA.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the City's motion to dismiss be granted as to Herring's claim for failure to hire in violation of the ADEA, her claim for hostile work environment, her claim of retaliation, and her claim of

violation of the EPA.  It is further recommended that the City's motion to dismiss be denied as to Herring's claim of termination in violation of the ADEA.

Respectfully submitted this 20th day of April, 2017.


s/Diane K. Vescovo_____
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE


NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.