**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| JANICE F. HERRING, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-2995-SHL-dkv |
| | ) | |
| CITY OF MEMPHIS, | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION AND
GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO
DISMISS**

Before the Court is the Chief Magistrate Judge's Report and Recommendation, filed April 20, 2017, recommending that the Court grant in part and deny in part Defendant City of Memphis's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 14).  (ECF No. 18.) *Pro se* Plaintiff Janice F. Herring filed a Complaint against Defendant City of Memphis (the "City") on December 21, 2016, alleging employment discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34 ("ADEA").  (Compl., ECF No. 1.)  In her Amended Complaint, filed February 14, 2017, Plaintiff alleged claims for "age discrimination, harassment, intimidation and last but not least retaliation," in addition to a claim that the City violated the Equal Pay Act ("EPA").  (Am. Compl. ¶¶ 1, 10, ECF No. 13.)

On February 23, 2017, the City filed a Motion to Dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.  (ECF No. 14.)  Plaintiff responded with a document entitled "Janice Herring Views and Response to City of Memphis Allegations," which the Chief Magistrate Judge and the Court interpret as a response to the Motion to Dismiss.  (ECF No. 17.)  Now before the Court is the

Chief Magistrate Judge's Report and Recommendation ("R&R"), recommending that the City's Motion to Dismiss be granted in part and denied in part. (ECF No. 18.)  Following the entry of the R&R, Plaintiff filed a document entitled, "Request to Proceed with Claim & Additional Amended Complaint," which the Court interprets as an objection to the R&R. (ECF No. 19.) The City did not file any objections or a response to Plaintiff's objection.

For the reasons discussed below, the Court **ADOPTS** the R&R in its entirety.  In reviewing Plaintiff's objection, it appears that she attempts to again amend her Complaint in the objection to add an additional claim, which is not the proper procedure.  Plaintiff has not shown that she is entitled to file an Amended Complaint, nor has she requested leave to do so.[1]

## STATEMENT OF THE CASE

I.    <u>Factual Allegations</u>[2]

Plaintiff, who is 55 years old, applied for a General Clerk B position with the City. (Am. Compl. ¶ 2, ECF No. 13; ECF No. 13-1.)  Plaintiff was hired as a General Clerk B with the Parks & Neighborhoods/Neighborhood Watch Division and given a tentative start date of July 27, 2015, with a starting bi-weekly salary of $949.65. (ECF No. 13-1 at PageID 49-50.)  The job offer included a six-month probationary period. (<u>Id.</u> at PageID 51.)  Plaintiff understood that she would be working normal business hours and would not be required to use a vehicle. (Am. Compl. ¶ 4, ECF No. 13.)  However, upon starting with the City on August 10, 2015, she was placed in a position of Organizer, a category 2 position, but with a General Clerk B Category 1

---

[1] Plaintiff appears to seek to add a claim for "Promissory Estoppel (Bait & Switch)" and amend her prayer for damages to $1 million.

[2] The following recitation of the facts is taken from Plaintiff's Amended Complaint and the exhibits attached thereto, and is accepted as true for purposes of this Order.  The Court may consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," without converting the motion to one for summary judgment. <u>Amini v. Oberlin Coll.</u>, 259 F.3d 493, 502 (6th Cir. 2001) (quoting <u>Nieman v. NLO, Inc.</u>, 108 F.3d 1546, 1554 (6th Cir. 1997)).

salary.  (Id.)  Plaintiff claims that, in the new position, she was informed that she would have to work flexible hours, including evenings, and that she would be required to drive to attend meetings and site visits around the city.  Plaintiff further alleges that the original position she was offered was filled by a young man named Matt.  (Id. at ¶ 8.)

On August 19, 2015, Plaintiff states that she met with Dr. LaSonya Hall, Deputy Director of the Neighborhood Watch Division, to express her concerns that she did not own a vehicle and would not have applied for the position she was ultimately placed in, in addition to concerns regarding working irregular hours due to her care of an elderly uncle who suffered from Alzheimer's disease. (Id. at ¶ 4.)  Further, Plaintiff expressed concern that she had not received any training for her position.  (Id.)  In response, Plaintiff alleges that Dr. Hall stated that "her 17 year old daughter could take notes and use an e-mail."  (Id.)  Plaintiff also states that Dr. Hall offered her a "pool car," to enable her to drive, which she declined.  (Id. at ¶ 6.)

Plaintiff alleges that she met with Dr. Hall again on September 9, 2015, to discuss her concerns, during which Dr. Hall informed her that she should take a "week's severance" and be placed back on the City's job placement system to get another position with the City.  (Id. at ¶ 6.)  The following day, on September 10, 2015, Plaintiff was terminated from her position as a General Clerk B in the Neighborhood Watch Program effective September 18, 2015, for "failure to meet performance expectations."  (ECF No. 13-1 at 57.)  Plaintiff was replaced by Karlescia Brookins, who was 26 years of age and had been acting as Plaintiff's supervisor, although she had been employed by an organization other than the City at the time.  (EEOC Charge 8-10, ECF No. 13-4.)  Plaintiff submitted a charge with the Equal Employment Opportunity Commission ("EEOC") on November 4, 2015, alleging age discrimination under the ADEA.  (Id.)

II.   <u>Procedural Posture</u>

Plaintiff filed this *pro se* Complaint on December 21, 2016, alleging that her former employer, the City, discriminated against her on the basis of her age, in violation of the ADEA. (ECF No. 1.)  On February 14, 2017, Plaintiff filed an Amended Complaint, alleging additional facts related to the age discrimination claims, and adding claims that the City violated the EPA retaliated against her, harassed her and allowed a hostile work environment.  (ECF No. 13.)  The City filed a Motion to Dismiss (ECF No. 14), arguing that Plaintiff's Amended Complaint fails to plead any facts or statutes that confer subject matter jurisdiction on the Court.  On April 20, 2017, the Chief Magistrate Judge issued an R&R, recommending that Defendant's Motion to Dismiss be granted in part and denied in part.  (ECF No. 18.)  Plaintiff filed a timely objection on May 2, 2017 (ECF No. 19), to which Defendant did not respond.  The City filed no objections.

Although Plaintiff's filing lacks specific objections, the Court construes her submission as lodging two general objections to the Chief Magistrate Judge's findings.  First, Plaintiff objects to the finding that she did not suffer any adverse employment action because she received the same rate of pay when placed in the category 2 Organizer position rather than the General Clerk B for which she was hired.  Next, Plaintiff appears to object to the finding that she failed to exhaust her administrative remedies as to her retaliation claim.  It does not appear that Plaintiff has objected to any other findings of fact or law by the Chief Magistrate Judge.

**ANALYSIS**

I.   <u>Standard of Review</u>

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim upon which relief can be granted.  28 U.S.C. § 636(b)(1)(B).  "A judge of the court shall make a de novo determination

of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 149 (1985).  "A general objection that does not identify specific issues from the magistrate's report is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy."  Johnson v. Brown, 2016 WL 4261761, at *1 (E.D. Kent. August 12, 2016) (citing Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991)).  "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object."  Howard, 932 F.2d at 509.  After reviewing the evidence, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1)(C).  The district court need not review findings that are not objected to under a *de novo* or any other standard.  Thomas, 474 U.S. at 150.

In reviewing Plaintiff's objections, the Court applies the Federal Rule of Civil Procedure 12(b)(6) standard.  Under that standard, a court must determine whether the plaintiff has stated a plausible claim upon which relief may be granted, while "constru[ing] the complaint in the light most favorable to the plaintiff, accept[ing] its allegations as true, and draw[ing] all reasonable inferences in favor of the plaintiff."  DirecTV, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007).  "Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

II.    Jurisdiction

In the R&R, the Chief Magistrate Judge found that the Court has jurisdiction to hear

5

Plaintiff's claims because, even though she did not cite to any specific statutes in her Amended Complaint, she properly cited to the ADEA in her original Complaint and in her EEOC charge, which was attached to the Amended Complaint.  (ECF No. 18 at 8.)  The City did not object to this finding.  Therefore, the Court **ADOPTS** that portion of the R&R and **DENIES** Defendant's Motion as to its claim that Plaintiff fails to establish subject matter jurisdiction.

III.    Failure to State a Claim

In its Motion to Dismiss, the City argues that Plaintiff fails to state a claim for any causes of action included in her Amended Complaint.  The Chief Magistrate Judge agreed with the City as to Plaintiff's claims that she experienced a hostile work environment and harassment, and as to Plaintiff's claim under the EPA, and Plaintiff did not object.  Accordingly, the Court **ADOPTS** that portion of the R&R and **DISMISSES WITH PREJUDICE** those claims.  The Chief Magistrate Judge also found that Plaintiff does state a claim under the ADEA related to her termination, and the City did not object.  Accordingly, the Court **ADOPTS** that portion of the R&R and **DENIES** Defendant's Motion to Dismiss as to that claim.

The Court reviews *de novo* Plaintiff's specific objections related to her claim for age discrimination based on the City's failure to hire her or place her in the position of General Clerk B, and the objection to the finding that Plaintiff did not properly exhaust all administrative remedies related to her retaliation claim.

A.    Age Discrimination Based on Failure to Hire

In the R&R, the Chief Magistrate Judge recommended dismissing Plaintiff's age discrimination claim based on the City's failure to hire her or place her in the position she originally sought, General Clerk B.  (ECF No. 18 at 10.)  That finding was based on Plaintiff's failure to "allege[] any adverse employment action when she was not given the position."  (Id. at

6

10-11.)  Because she was placed in another department at the same rate, the Chief Magistrate Judge concluded that Plaintiff did not suffer an adverse employment action.

Plaintiff objects to the Chief Magistrate Judge's finding, stating that she was told prior to applying for the General Clerk B position that "the hours were from 8:00 to 4:30 p.m. and there was no flex time involved with the position."  (ECF No. 19 at 2.)  She states that, by being placed in a different position, she was "performing organizers duties and making general clerks wages."  (Id.)  The Court interprets these statements as objections to the finding, arguing that the differences in the positions created an adverse employment action.

The ADEA prohibits an employer from "discharg[ing] any individual or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age[.]"  29 U.S.C. § 623(a)(1).  Absent direct evidence, Plaintiff must prove four elements to make out a *prima facie* case of age discrimination: (1) that she was a member of a protected group; (2) that she suffered an adverse employment action; (3) that she was qualified for the position; and (4) that she was either replaced by a significantly younger person or that a similarly situated younger employee was not subject to the same adverse employment action.  Martin v. Toledo Cardiology Consultants, Inc., 548 F.3d 405, 410 (6th Cir. 2008).

"An adverse employment action 'constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'"  Freeman v. Potter, 200 F. App'x 439, 442 (6th Cir. 2006) (quoting Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998)).  "Such action usually 'inflicts direct economic harm.'"  Id. (quoting Burlington, 524 U.S. at 762.)  "The action 'must be more disruptive than a mere inconvenience or an alteration of

job responsibilities.'" Id. (quoting Kocsis v. Multi-Care Mgmt., Inc., 97 F.3d 876, 885 (6th Cir.

1996)).  However, an individual's "subjective impression concerning the desirability of one

position over another" is insufficient to render an employer's action materially adverse." Id.

(quoting Mitchell v. Vanderbilt Univ., 389 F.3d 177, 183 (6th Cir. 2004)).  "In short, the action

must have a 'significant detrimental effect' on the employee's status, based on objective factors.

Id. (quoting Boone v. Goldin, 178 F.3d 253, 256 (4th Cir. 1999)).

   While Plaintiff's objection establishes that she subjectively believed the reassignment to

be an adverse employment action, she has not met her burden of showing that the change in

position was "objectively intolerable to a reasonable person." Policastro v. Northwest Airlines,

Inc., 297 F.3d 535, 539 (6th Cir. 2002).  Plaintiff suffered no change in pay, only a change in

responsibilities.  Her perspective that the hours and flex schedule of the second position were

undesirable is not sufficient to establish the second prong of the *prima facie* case as to her ADEA

claim based on failure to hire.

   Consequently, the Court agrees with the Chief Magistrate Judge's finding that Plaintiff

fails to state a claim for age discrimination based on the City's failure to hire her or place her in

the position she originally sought.  Therefore, the Court **ADOPTS** the R&R as to that claim, and

**DISMISSES WITH PREJUDICE** Plaintiff's ADEA discrimination claim based on a failure to

hire.

   B.    Retaliation Claim

   In the R&R, the Chief Magistrate Judge reached two conclusions as to Plaintiff's

retaliation claim.  First, the Chief Magistrate Judge found that Plaintiff's vague reference to

"retaliation" did not refer to her engaging in any protected activity, as required to state a claim

for retaliation under Title VII.  (ECF No. 18 at 13.)  Alternatively, the Chief Magistrate Judge

concluded that Plaintiff failed to allege a retaliation claim in her EEOC charge, and, thus, Plaintiff's claim would be barred for failure to exhaust her administrative remedies.  Although Plaintiff does not appear to object to the finding that she fails to state a claim for retaliation, she does seem to object to the finding that she did not exhaust her administrative remedies for this claim.

The Court construes Plaintiff's statement that, "I have been consistent in my statement to the EEOC, [t]he Court and [t]he City of Memphis Attorney" as the objection to the exhaustion finding.  (ECF No. 19 at 1.)  Although this "objection" is not likely to be successful, it is not necessary for the Court to even evaluate it.  Because the Chief Magistrate Judge first found that Plaintiff failed to state a claim for retaliation because she did not allege that she engaged in any protected activity, a finding to which Plaintiff did not object, the Court **ADOPTS** the R&R as to Plaintiff's retaliation claim.  Consequently, Defendant's Motion to Dismiss is granted as to that claim, and Plaintiff's retaliation claim is **DISMISSED WITH PREJUDICE**.

## CONCLUSION

The Court **ADOPTS** the Report and Recommendation in whole.  Therefore, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Dismiss.  Plaintiff's claims for retaliation, harassment, hostile work environment, violation of the EPA and her ADEA claim based on failure to hire are **DISMISSED WITH PREJUDICE**.  Plaintiff's claim that she was terminated in violation of the ADEA remains.

**IT IS SO ORDERED**, this 17th day of July, 2017.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE